IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CALVIN DARNELL PARNELL,   *

  Petitioner   *

      Criminal No. RDB-06-0258

v.   *

      Civil Action No. RDB-16-2698

UNITED STATES OF AMERICA,   *

  Respondent.   *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM OPINION**

The *pro se* Petitioner Calvin Darnell Parnell ("Petitioner" or "Parnell") pled guilty before this Court to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). *See* J., p. 1, ECF No. 26. At sentencing, this Court found that Parnell was an "armed career criminal" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), on the basis of six prior "serious drug offenses." Accordingly, this Court sentenced Parnell to 188 months imprisonment, followed by five years on supervised release. *Id.* at 2-3. On appeal, the United States Court of Appeals for the Fourth Circuit dismissed in part Parnell's appeal and otherwise affirmed the Judgment of this Court. *See United States v. Parnell*, 261 F. App'x 601, 603 (4th Cir. 2008).

Subsequently, Parnell filed his first *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 38) in this Court. Via Memorandum Opinion and Order dated February 7, 2011 (ECF Nos. 51 & 52), this Court denied that Motion. *See Parnell v. United States*, No. RDB-09-934, 2011 WL 484200, at *5 (D. Md. Feb. 7, 2011). The Fourth Circuit denied Parnell a Certificate of Appealability and dismissed his

1

appeal. *See United States v. Parnell*, 463 F. App'x 184, 185 (4th Cir. 2012). Parnell has now filed a second *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 66), arguing that his prior drug convictions no longer qualify as predicate offenses under the Armed Career Criminal Act in light of the United States Supreme Court's intervening decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

The Antiterrorism and Effective Death Penalty Act of 1996 provides that a second or successive Section 2255 petition must be certified by a panel of the appropriate court of appeals to contain either "newly discovered evidence . . . or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)-(2); *see also* § 2244(b)(3)(A); *Felker v. Turpin*, 518 U.S. 651, 664 (1996). Absent pre-filing authorization, this Court lacks jurisdiction to consider a second or successive petition. *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003).

Via Order dated July 28, 2016 (ECF No. 67), the United States Court of Appeals for the Fourth Circuit has denied Parnell's motion for authorization to file a successive petition. The Fourth Circuit held that Parnell had "fail[ed] to make the prima facie showing necessary to receive the requested authorization . . . . [t]he predicate status of [his] prior drug offenses was unaffected by *Johnson*."). The *Johnson* case does not apply to "serious drug offense" predicate convictions, but only addressed the definition of "violent felony" under the "residual clause" of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii). The Fourth Circuit's decision is not reviewable. *See* 28 U.S.C. § 2244(b)(3)(E) ("The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable . . . ."). Accordingly, this Court lacks jurisdiction to consider the pending Motion.

## CONCLUSION

For these reasons, Petitioner Parnell's second *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 66) is DISMISSED.

Pursuant to 28 U.S.C. § 2253 and Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, a court is required to issue or deny a Certificate of Appealability when it enters a final order adverse to the applicant. A Certificate of Appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). The United States Court of Appeals for the Fourth Circuit has held in *Jones v. Braxton*, 392 F.3d 683, 688 (4th Cir. 2004) that "an order dismissing a habeas petition without prejudice on the grounds that it is an unauthorized successive petition constitutes 'the final order in a habeas proceeding' within the meaning of 28 U.S.C. § 2253(c)(1)(A), and thus that the certificate of appealability requirement of that section applies to any appeal from such an order." The United States Supreme Court has held in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [Certificate of Appealability] should issue when the prisoner shows, at least, that . . . jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Because reasonable jurists would not find debatable whether this Court's ruling was correct, a Certificate of Appealability is DENIED.

A separate Order follows.

Dated: May 24, 2017

_____
Richard D. Bennett
United States District Judge

3